IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE KOENIG, #288937             *
         Plaintiff,
  vs.                          *    CIVIL ACTION NO. JFM-09-1491

MARYLAND DIVISION OF              *
  CORRECTION, et al.
         Defendants.     *
                            ***

MEMORANDUM

**Background**

Plaintiff Bruce Koenig ("Koenig"), an inmate confined at the North Branch Correctional Institution ("NBCI"), originally filed this civil rights complaint against the Maryland Division of Correction ("DOC"), NBCI Warden Rowley, and NBCI Sergeant Sires alleging that on a regular basis since 2006, and continually since 2008, his right of access to the "religious worship of my choice and in the manner prescribed by both my religion and the Division of Correction Directives" was hindered, interfered with, and denied. ECF No. 1. He asked to be permitted to practice his religion and to be compensated for past denials of his ability to practice his religion.[1]

Koenig later was granted leave to amend his complaint. ECF No. 14. Naming some twenty-plus defendants, he contended that since September of 2006, his ability to practice the religion of his choice had been interfered with by defendants at the Jessup Correctional Institution ("JCI") and NBCI. ECF No. 13. He further took issue with the manner in which administrative remedy coordinators and prison staff processed and decided his religious access grievances ("ARPs") and ARP appeals at DOC facilities as well as Headquarters and Inmate Grievance Office ("IGO") levels.

---

[1]     Koenig also claimed that his religion was not treated the same as other religions.

Koenig's amended complaint included several counts which raise claims under the First and Fourteenth Amendments, the Maryland Declaration of Rights, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Division of Correction Directives, and common law tort (negligence). He sought a preliminary and permanent injunction, declaratory judgment, and compensatory and statutory damages. ECF No. 13.

## Dispositive Filings

Now pending is defendants' unopposed motion to dismiss or, in the alternative, motion for summary judgment.[2] ECF No. 26. Oral hearing is not needed. *See* Local Rule 105.6. (D. Md. 2010).

## Standard of Review

Under the 2010 revisions to Fed. R. Civ. P. 56(a) & (c):

A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Under Supreme Court standard, this does not mean that any factual dispute will defeat the motion:

---

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), on May 5, 2010, Koenig was placed on notice that he was entitled to file an opposition response, with materials in support thereof. ECF No. 27. Koenig was twice granted extensions of time and was provided access to his legal

2

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist. *See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)); *see also Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

In conducting the aforementioned analysis, the court generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris,* 550 U.S. 372, 376-77 (2007). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* at 380.

**<u>Analysis</u>**

The following facts set out by defendants remain unopposed. Koenig filed various administrative remedies before the IGO complaining that on October 16, 2006, he and others practicing Mormons were not provided a full 90-minute service at JCI. ECF No. 26. Defendants

---

materials pursuant to court order. ECF Nos. 28-32. Koenig has not, however, filed opposition materials.

state that altogether Koenig filed seven grievances regarding religious-access issues, six of which were consolidated and found to be meritorious in part. Koenig was awarded nominal damages of $5.00. The remaining grievance before the IGO was set for hearing but was withdrawn by Koenig for a cash settlement of all ARPS regarding the denial of religious worship at JCI through January 15, 2008. ECF No. 26, Ex. 1.

It is also not controverted that Koenig was permitted to maintain religious material at NBCI in accordance with DOC policies and directives. A January 17, 2008 inventory of his property conducted at NBCI after his arrival from JCI shows that three boxes of materials were catalogued and Koenig chose and kept four religious articles and maintained the 1.5 cubic feet of material allowed under DOC directives. *Id.*, Ex. 4. On May 11, 2008, Koenig received a package containing a Bible and a religious magazine. Because he already had 4 religious items and 1.5 cubic feet of paperwork, Koenig was asked if he wanted to exchange the Bible and magazine for one of the items and paperwork already in his possession. He declined to do so and the Bible and magazine were returned to the sender.

NBCI Chaplain Kevin Lamp affirms he has no knowledge of: Koenig requesting use of audio visual equipment to view religious material, there being any hindrance to Koenig's opportunity to practice any religion recognized by the DOC, or of Koenig requesting to start any religious groups at NBCI. *Id.*, Ex. 5.

To the extent that Koenig complains that defendants are culpable under 42 U.S.C. § 1983 based upon the decision-making process affecting ARPs and IGO grievances and appeals, the court finds no constitutional claim. Koenig has no constitutional right to an administrative remedy or grievance process, whether or not it is established by a state agency. *See Adams v. Rice*, 40 F.3d 72,

75 (4th Cir. 1994). Further, he has failed to show damages or injury from the alleged handling of his grievances. Indeed, it is undisputed that relevant religious-access grievances were found to be partially meritorious or were withdrawn with monetary award.

To the extent that Koenig raises a First Amendment claim, the court finds no violation of his right of access to religious worship. The First Amendment "deference" analysis found under *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987) and *Turner v. Safley*, 482 U.S. 78 (1987) controls. These cases held that incarceration leads to a limitation on many rights and privileges as may be warranted by valid penological considerations, *see O'Lone*, 482 U.S. at 348, and that a prisoner's right to free exercise of his religion must give way to regulations that are "reasonably related to legitimate penological interests." *Id*. at 349; *cf. Turner*, 482 U.S. at 89. Defendants correctly observe that at no point in time in his filed papers has Koenig indicated what his religion is or how it was impeded. They argue, and it is not refuted, that the mere fact that Koenig was allegedly not able to obtain the full amount of time needed and allotted for congregate worship or was not given the option of congregate worship of his choice at NBCI but was allowed to attend group worship as a "generic" Christian or Muslim does not show that his religious access was impeded.

It also remains uncontraverted that Koenig's alleged inability to retain certain religious property does not comprise a First Amendment violation under the facts of the case. The limited exhibits provided to the court show that when new religious materials were received by Koenig, he was offered the opportunity to exchange those items with papers or religious materials already in his possession so as to comply with reasonable property and paperwork limitations imposed under DOC regulation.

In his amended complaint Koenig indicates that he is asserting his religious claims under the

5

Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc - 1 (a).

Section 3 of the RLUIPA provides as follows:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1) is in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that compelling governmental interest.

Defendants argue that Koenig's amended complaint neither states what religious precept he adheres to nor how it was specifically burdened. He raises no opposition to this argument. The court concludes that he has failed to demonstrate violations under RLUIPA.[3]

## **Conclusion**

For the aforementioned reasons, defendants' responsive filing, construed as a motion for summary judgment, shall be granted.[4] A separate order effecting the rulings made in this memorandum is being entered herewith.[5]

Date: February 22, 2011           /s/
                                  J. Frederick Motz
                                  United States District Judge

---

[3] The court likewise finds no equal protection violation. Koenig's conclusory complaint statement notwithstanding, he fails to indicate how his religion was treated in a disparate manner compared to other religions recognized by the DOC.

[4] Insofar as Koenig filed allegations alleging negligence or denial of his right under the Maryland Declaration of Rights, the court declines to take 28 U.S.C. § 1367 jurisdiction over such claims.

[5] In light of the rulings of the court, the complaint against unserved defendants "Former Headquarters Administrative Remedy Coordinators," "Unknown Former Administrative Remedy Coordinators," and "Unknown Correctional Officers" is dismissed.